**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re:<br><br>CITY OF CHESTER, PENNSYLVANIA,<br><br>Debtor. | Chapter 9<br><br>Bankr. Court Case No. 22-13032-amc |
| CHESTER WATER AUTHORITY,<br><br>Appellant,<br><br>v.<br><br>CITY OF CHESTER, PENNSYLVANIA,<br><br>Appellee. | CIVIL ACTION<br><br>No. 25-1115-MRP<br><br>No. 25-2136-MRP |

**<u>ORDER</u>**

**AND NOW**, this 3rd day of March, 2026, upon consideration of Appellant Chester Water Authority's motions seeking leave to appeal interlocutory orders of the United States Bankruptcy Court for the Eastern District of Pennsylvania under 28 U.S.C. § 158(a)(3) and Fed. R. Bankr. P. 8004, and Appellant's motions for stay pending appeal under Fed. R. Bankr. P. 8007 (including, in Civil Action No. 25-1115, ECF No. 17, and in Civil Action No. 25-2136, ECF No. 14), and all responses and replies thereto, for the reasons set forth in the accompanying Memorandum, it is hereby **ORDERED** as follows:

1) **Leave to Appeal is GRANTED in both matters.**

   Leave to appeal is GRANTED in Civil Action No. 25-1115 and Civil Action No. 25-2136 under 28 U.S.C. § 158(a)(3) and Fed. R. Bankr. P. 8004 as to the interlocutory orders identified in the motion papers and addressed in the Court's Memorandum.

2) **Motions to Stay Pending Appeal GRANTED in both matters.**

   Appellant's motions for stay pending appeal are GRANTED (Civil Action No. 25-1115, ECF No. 17; Civil Action No. 25-2136, ECF No. 14). Pending resolution of these appeals (or further order of this Court), the challenged Bankruptcy Court orders are STAYED to the extent they:

   i) require Appellant to submit to examination under Bankruptcy Rule 2004 and/or to produce documents or other materials pursuant to such examination; and/or

   ii) authorize disclosure, dissemination, or use (including third-party disclosure or use) of materials produced through the Rule 2004 process outside the confines of the bankruptcy proceeding.

3) No bond is required as a condition of the stays ordered herein.

4) For clarity and to avoid inconsistent or duplicative scheduling, the merits briefing schedule is consolidated and will govern both Civil Action No. 25-1115 and Civil Action No. 25-2136. Pursuant to Fed. R. Bankr. P. 8018(a), briefing shall proceed as follows:

   A. Appellant's opening brief due **March 24, 2026**;

   B. Appellees' response brief due **April 7, 2026**;

   C. Appellant's reply brief due **April 14, 2026**.

5) Appellant shall file, contemporaneously with its opening brief, an appendix (or record excerpts) sufficient for review of the appealed orders and the issues presented. Any dispute concerning the contents of the appendix/record excerpts shall be raised promptly by motion.

6) **Disposition of other pending motions.**

    A. In **Civil Action No. 25-1115**, the City of Chester's Emergency Motion for Extension of Time (ECF No. 20) is **DENIED AS MOOT**.

    B. In **Civil Action No. 25-1115**, the City of Chester's Motion for Leave to File Excess Pages filed in connection with its objection to the stay motion (ECF No. 30) is **GRANTED NUNC PRO TUNC**, and the Court has considered the filing for which leave was sought.

    C. In **Civil Action No. 25-2136**, the City of Chester's Emergency Motion for Extension of Time (ECF No. 17) is **DENIED AS MOOT**.

    D. In **Civil Action No. 25-2136**, Appellant's Motion to Certify Direct Appeal under 28 U.S.C. § 158(d)(2) (ECF No. 12) is **DENIED WITHOUT PREJUDICE** in light of the Court's exercise of discretionary jurisdiction under § 158(a)(3) and the consolidated expedited merits briefing schedule entered herein.

7. The Clerk of Court shall docket this Order in both Civil Action No. 25-1115 and Civil Action No. 25-2136.

BY THE COURT:

_____

HON. MIA R. PEREZ